IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 14, 2021
ST-2013-CV-00445
**TAMARA CHARLES**
**CLERK OF THE COURT**



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

THOMAS KLOTZBACH,  )
Individually and on behalf of others  )  CASE NO. ST-2013-CV-00445
Similarly situated,  )
        Plaintiff,  )
vs.  )
  )  ACTION FOR DAMAGES
VIRGIN ISLANDS WATER AND  )  AND INJUNCTIVE RELIEF
POWER AUTHORITY  )
        Defendant.  )
_____  )

2021 VI Super 64

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on Motion to Compel Production and Responses to Interrogatories and Extend Deadlines ("motion to compel"), filed by Plaintiff Thomas Klotzbach.[1]

## I. FACTS

¶2 On September 5, 2013, Thomas Klotzbach filed a complaint, as a class action, against the Defendant Virgin Islands Water and Power Authority ("WAPA"). Klotzbach alleges that he "installed solar panels at his home on St. Thomas" before June 2012 and submitted a net metering application to WAPA.

---

[1] The motion to compel was filed March 29, 2019, and is fully briefed.

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 2 of 19

2021 VI Super 64

¶3 Klotzbach alleges that WAPA wrongfully charged him $30 to submit the net metering application. Klotzbach also alleges that WAPA wrongfully required him "to install, at [his own] expense, . . . a 'knife switch.'" Klotzbach alleges that in September 2012, WAPA installed a net meter that erroneously billed him "not only for electricity supplied by WAPA, but also for electricity produced by [Klotzbach]." Klotzbach alleges that "[a]fter repeated reports and complaint by [him] . . . , WAPA in January 2013 replaced [his] electric meter with a properly functioning meter."

¶4 However, Klotzbach also alleges that "[d]espite demand, WAPA has failed or refused to compensate [him] for the overbills during the [three] months . . . [he] lost the benefit of his installed solar panels while the incorrect meter was installed." Klotzbach alleges that "WAPA . . . also failed to reimburse [him] [for] the application fee" and "for the cost of the unnecessary 'knife switch.'" Klotzbach alleges that "[his] situation is typical of other members of the proposed [c]lass." Klotzbach filed claims for declaratory judgment, consumer fraud and deceptive business practices, unfair and unconscionable trade practice, breach of contract, unjust enrichment, common law fraud, breach of the duty of good faith and fair dealing, negligence and permanent injunction.

¶5 On March 29, 2019, Klotzbach filed a motion to compel, "particularly [for WAPA's] total failure to produce the relevant billing-related documents and info requested." Additionally, Klotzbach "requests that the Court further extend the

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 3 of 19

2021 VI Super 64

applicable deadlines for fact discovery and for mediation until appropriate dates after WAPA has provided the required discovery."

## II. DISCUSSION

¶6    As a prerequisite for motions to compel, the Court decides whether the good faith meet and confer requirement in the Virgin Islands Rules of Civil Procedure 37(a)(1)[2] and 37-1 has been met.[3] *See Donastorg v. Walker*, 2019 VI Super 96U, ¶¶ 13-14; *Fenster v. Dechabert*, Case No. SX-16-CV-343, 2017 V.I. LEXIS 148, at *10 (V.I. Super. Ct. Oct. 4, 2017) (unpublished) (citing *Demming v. V.I. Water & Power Auth.*, Case No. ST-11-CV-586, 2013 V.I. LEXIS 3, at *8-9 (V.I. Super. Ct. Jan. 20, 2013) (unpublished)); *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, Civil No. ST-15-CV-387, 2018 V.I. LEXIS 39, at *7-9 (V.I. Super. Ct. Apr. 5, 2018) (unpublished) (citing *Fenster*, 2017 V.I. LEXIS 148, at *9-10). Specifically, V.I. R. CIV. P. 37(a)(1) states that a motion to compel "must include a certification that the movant has in

---

[2] According to V.I. R. CIV. P. 37(a)(1),

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

V.I. R. CIV. P. 37(a)(1).

[3] Under V.I. R. CIV. P. 37-1,

> Prior to filing any motion relating to discovery pursuant to Rules 26 through 37, other than a motion relating to depositions under Rule 30, counsel for the parties and any self-represented parties shall confer in a good faith effort to eliminate the necessity for the motion -- or to eliminate as many of the disputes as possible.

V.I. R. CIV. P. 37-1.

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

¶7     Klotzbach contends that he "has gone through the process required by [V.I. R. Civ. P.] 37.1." Moreover, Klotzbach references and attaches a "VI Rule Civ Proc. Rule 37.1 letter to WAPA." Under V.I. R. Civ. P. 37-1(b), the party seeking to compel discovery must first serve a letter on the other party that meets specific specifications.[4] *See* V.I. R. Civ. P. 37-1(b)-(c)(1).

¶8     However, after serving the letter, both parties must meet in person,[5] "telephonically or by video conferencing" to try and resolve the discovery issues. *See* V.I. R. Civ. P. 37-1(c)(1)-(2).[6] Nowhere in Klotzbach's motion, or Rule 37.1 letter, does

---

[4] Under V.I. R. Civ. P. 37-1(b),

> The party requesting resolution of a discovery dispute shall serve a letter on other counsel identifying each issue and/or discovery request in dispute, stating briefly the moving party's position with respect to each (and providing any legal authority), and specifying the terms of the discovery order to be sought.

V.I. R. Civ. P. 37-1(b).

[5] The parties "are encouraged to meet in person" if practicable. *See* V.I. R. Civ. P. 37-1(c)(2).

[6] V.I. R. Civ. P. 37-1(c) provides:

> **Conference Arrangements and Personal Negotiations Requirement.**
> **(1) *Facilitating a Conference.*** After service of the letter request, it shall be the responsibility of counsel for the requesting party to make any necessary arrangements for a conference.
>
> **(2) *Personal Discussions Requirement.*** To the extent practicable, counsel are encouraged to meet in person at a mutually convenient location. If, in the consideration of time and/or resources, counsel agree that meeting in person is not practicable, the conference may take place telephonically or by video conferencing. Mail or e-mail exchanges are not sufficient.
>
> **(3) *Completion of Negotiations.*** Unless otherwise provided by stipulation of the parties, or by written order of the court, the conference shall be completed within 15 days after the moving party serves a letter requesting such conference.

V.I. R. Civ. P. 37-1(c)(1)-(3).

the Court find "a certification that [Klotzbach] has in good faith conferred or attempted to confer with" WAPA. *See* V.I. R. CIV. P. 37(a)(1). Klotzbach's letter "request[s] a telephonic meet and confer to discuss [deficient discovery] matters on Tuesday, February 12 at 3 PM AST or Wednesday, February 13, at 3pm AST."[7] No further information is provided, though. Therefore, the Court is unsure whether the parties actually met and conferred, and whether such meeting or attempt to meet, was conducted in good faith. *See* V.I. R. CIV. P. 37(a)(1); V.I. R. CIV. P. 37-1(a), (c)(1)-(3).

¶9    "[T]he certification prerequisite is not an empty formality because 'obliging attorneys to certify to the [c]ourt that they conferred in good faith results[,] in a large number of cases[,] in resolution of discovery disputes by counsel without intervention of the [c]ourt.'" *Victor-Perez*, 2018 V.I. LEXIS 39, at *9 (citing *Fenster*, 2017 V.I. LEXIS 148, at *9-10). *But see Donastorg*, ¶ 17 ("While the procedural deficiency of [the plaintiff]'s [m]otion to [c]ompel would ordinarily warrant the denial of the motion outright, courts have typically bypassed procedural defects where there is 'adequate support for the finding that the parties were at an impasse'" (citing *Fenster*, 2017 V.I.

---

[7] In *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, the Superior Court of the Virgin Islands states that, "[c]ourts in other jurisdictions applying procedural rules similar to [V.I. R. CIV. P. 37 and 37-1] have been 'unwilling to decipher letters between counsel to conclude that the [certification] requirement has been met.'" *See Victor-Perez*, 2018 V.I. LEXIS 39, at *8-9 (alteration in original) (citing *Fenster*, 2017 V.I. LEXIS 148, at *9). However, since Klotzbach's letter does not satisfy the meet and confer requirement, the Court need not address this assertion.

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 6 of 19

2021 VI Super 64

LEXIS 148, at *11; *Clement v. Alegre*, 99 Cal. Rptr. 3d 791, 804 (Cal. Ct. App. 2009)).[8]

"Good faith 'mandates a genuine attempt to resolve the discovery dispute through non-judicial means.'" *Victor-Perez*, 2018 V.I. LEXIS 39, at *6 (citing *Algonquin Heights v. United States*, No. 97-582 C, 2008 U.S. Claims LEXIS 479, at *8-9 (Fed. Cl. Feb. 29, 2008) (unpublished)). "Conferment requires that the moving party 'must personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.'" *Id.* (citing *Algonquin Heights*, 2008 U.S. Claims LEXIS 479, at *9). In fact, in *Victor-Perez*, the Superior Court of the Virgin Islands states that:

> [I]n [the] future, the Court requests parties to include in the certification itself what specific issues were discussed during the conference, how each party believed legal authority applied to the facts before them, and how one or both parties attempted to resolve their impasse on each issue. This request is to ensure that both procedural and substantive aspects of the good faith negotiation requirement are met.

*Id.* at *9.

¶10    Because Klotzbach failed to include a certification that the parties conferred in good faith, or that Klotzbach tried to confer in good faith but WAPA refused, the Court will deny the motion to compel at this time. Klotzbach may resubmit a motion to compel that fully complies with V.I. R. CIV. P. 37(a) and V.I. R. CIV. P. 37-1. *See* V.I. R. CIV. P. 37-1(a) ("counsel for the parties . . . shall confer in a good faith effort to

---

[8] In *Donastorg v. Walker*, the court acknowledged the V.I. R. CIV. P. 37 and 37-1 meet and confer requirement and ruled "that . . . counsel for the parties did not attempt to meet and confer in good faith." But, "in the interest of judicial economy and efficiency, the [c]ourt [still] address[ed] the merits of [plaintiff]'s [m]otion to [c]ompel." *Donastorg*, ¶¶ 14-17.

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 7 of 19

2021 VI Super 64

eliminate the necessity for the motion – or to eliminate as many of the disputes as possible"); V.I. R. CIV. P. 37-1(c)(2) (counsel are "to meet in person," "telephonically or by video conferencing. Mail or e-mail exchanges are not sufficient").

¶11    "[I]n [the] future, to conserve judicial resources, the [c]ourt asks parties submitting motions to compel to include their good faith negotiation certification in one document appended to the motion to compel or within a self-contained section of the motion." *Arvidson v. Buchar*, Case No. ST-16-CV-410, 2018 V.I. LEXIS 149, at *10 (V.I. Super. Ct. June 6, 2018) (unpublished).

¶12    Moreover, if Klotzbach files another motion to compel, the Court requests that he explicitly state in his motion, with details, that (1) the parties met and conferred in person, "telephonically or by video conferencing" or (2) WAPA refused to meet and confer. See V.I. R. CIV. P. 37(a)(1); V.I. R. CIV. P. 37-1(a), (c)(2); *see also* V.I. R. CIV. P. 37(a)(5)(A)-(C) (discussing payment of reasonable expenses based on whether a motion to compel is granted, partially granted or denied).

¶13    Additionally, "the Court requests [the] parties . . . include in the certification itself what specific issues were discussed during the conference, how each party believed legal authority applied to the facts before them, and how one or both parties attempted to resolve their impasse on each issue." *See* Victor-Perez, 2018 V.I. LEXIS 39, at *9.

¶14    The Court also requests that Klotzbach include all of the specific interrogatories and production requests he seeks from WAPA in the motion to compel. This will allow the Court to more efficiently address Klotzbach's discovery concerns.

¶15    To make a meet and confer between the parties more productive, the Court will address the arguments WAPA makes in its opposition to Klotzbach's motion to compel.

¶16    First, WAPA claims that "[Klotzbach] falsely characterizes []his action as a class action but this Court has never certified this action as a class action. Yet prominently stated at the top of its motion is 'CLASS ACTION.'"

¶17    Second, WAPA argues:

> [Klotzbach] says he is bringing this action individually on behalf of others similarly situated. But he never identified who those "others" are. In order for this action to be certified as a class action, a proper motion for certification needs to be filed and then granted by the Court. No such motion was ever filed and consequently never granted.

¶18    Klotzbach argues that "[t]he response [to WAPA's first and second arguments] is fairly simple:"

> [Klotzbach] brings this matter on behalf of himself and others similarly situated. [He] has never said that the Court has "certified this action as a class action" as WAPA tries to imply. [Klotzbach] has not yet filed a [m]otion for such purposes, mainly because it needs information through the discovery process to further detail the number of class members affected and other appropriate context for the Court's consideration of such a [m]otion. As detailed below, that is perfectly appropriate and necessary as a part of class action practice.
>       [] As such, there is nothing improper whatsoever about including "class action" in the caption, as that is how this matter was structured from the beginning.

¶19    The Court agrees that Klotzbach has structured this action as a class action

from the beginning. Additionally, the Court notes that the V.I. Rules of Civil

Procedure acknowledge that class action discovery may be needed before class

certification occurs. Specifically, the Advisory Committee's comment for V.I. R. CIV.

P. 23(d)(3) states the following:

> The Advisory Committee changed the draft rule's triggering point --
> which was initially proposed to be applicable at the time a certification
> ruling is made -- and is recommending the version of this rule shown
> here, which makes the referral applicable when the pleading purporting
> to state a class action claim is initially filed. Because of the proceedings
> leading to a certification ruling can take months or years, and may
> involve   extensive pre-certification discovery   and   motion   practice,
> triggering the initial designation as complex upon the initial filing was
> deemed a safer system by the Advisory Committee.

V.I. R. CIV. P. 23 advisory committee's note, subpart (d)(3); *see also Cornwall v. V.I.*

*Indus. Maint. Corp.*, 2019 VI Super 117, ¶ 35 ("To date, a class has not been certified

nor has a motion to certify a class, or to strike the class action allegations, been filed.

Thus, seventeen years after this action was commenced, the class action aspect of this

case remains in limbo").

¶20    Third, WAPA states that it has already "voluntarily provided over 5,000 pages

of information to [Klotzbach] that it d[oes] not consider private or confidential." But

WAPA argues that, "absent a Court order authorizing . . . production, WAPA has

drawn the line against providing the personal individual billing information of its

many customers that [Klotzbach] now seeks and to which he has no right to possess."

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 10 of 19

2021 VI Super 64

The Court agrees that the privacy interests of unnamed party members in a class action warrants special consideration, particularly in precertification discovery.

¶21    Klotzbach argues that "WAPA is raising the issue of the requested information being 'private or confidential' for the very first time in this paragraph. It has never been raised in its months of discovery responses or objections, correspondence, emails or otherwise. . . . Any such untimely objection should therefore be deemed to be waived."

¶22    Additionally, Klotzbach contends that the information provided by WAPA is "largely irrelevant." However, Klotzbach also contends that WAPA "h[as] already provided its customers' names as part of the "largely irrelevant[] 'data dumps.'" Klotzbach argues that, "[y]et WAPA has now conveniently determined that the information most likely to be harmful to its case – the billing records showing a 'spike' in energy costs for certain customers following their installation of solar panels (which were intended to reduce energy cost) – is 'private or confidential.'" Klotzbach argues that,

> If WAPA wished to provide billing information for its solar net metering customers for the relevant periods with the names withheld, it could have done so. But having already provided its customers' names as part of the (largely irrelevant) "data dumps" of net metering applications and agreements, etc., . . . it cannot claim confidentiality as a reason to withhold the relevant portion of the information – the billing data at the core of this case. Any such objection is unreasonable and untimely, therefore waived.

¶23    The Court agrees if WAPA did not make a timely objection stating the requested customer information was "private or confidential," then WAPA waives that objection. *See* V.I. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons"). However, the Court will still need to conduct a legal analysis to determine whether the personal information of unnamed potential class members is discoverable.

¶24    The Court's impression, as discussed below, is that at least some of the requested information will be discoverable. However, the Court recommends that if a subsequent motion to compel is filed, both parties include legal authorities supporting whether or not the requested personal information of unnamed class members is indeed discoverable in precertification discovery.

¶25    Fourth, WAPA argues the following:

> [Klotzbach] seeks through improper procedure to obtain private customer information in order to enrich himself.[9] [(1)] he must file to have a class action certified. [(2)] the Court must rule on the motion after considering the opposition thereto. [(3)], the court must agree to certify the class in order for it to be a class action. [(4)] proper notice must be given to the class and give those who do not want to be part of the class an opportunity to opt out of membership in the class. [Klotzbach] has

---

[9] Klotzbach replies that, "WAPA levels the outrageous allegation that [Klotzbach] seeks th[e] discovery information '. . . to enrich himself' – without evidence, or even any explanation or reason given. This at face value appears to be libel, plain and simple, which the Court may wish to take into account in evaluating WAPA's 'defenses' more generally." Additionally, both parties mention Rule 11 sanctions in their motions. However, the Court declines to address these arguments in this opinion as it has not been properly presented to the Court.

done none of those things. His motion to compel should therefore be denied.

WAPA provides no further argument or authorities to support its assertion that an opt out notice is required in this case. A notice is required under V.I. R. CIV. P. 23(b)(3), but is optional under V.I. R. CIV. P. 23(b)(1)-(2). *See* V.I. R. CIV. P. 23(c)(2)(A)-(B). The required notice must state "that the court will exclude from the class any member who requests exclusion." *See* V.I. R. CIV. P. 23(c)(2)(B)(v).

¶26    Some California courts have found that a protective order, instead of an opt out notice, is sufficient to protect the disclosure of putative class members' contact information. *See Amaraut v. Sprint/United Mgmt. Co.*, Case No.: 3:19-cv-411-WQH-AHG, 2020 U.S. Dist. LEXIS 7558, at *20-21 (S.D. Cal. Jan. 14, 2020) (unpublished) (collecting cases). These Courts do not consider contact information to be "particularly sensitive[, as] disclosure of 'contact information alone involves no revelation of personal or business secrets, intimate activities . . . and threatens no undue intrusion to one's personal life.'" *See id.* at *23 (second alteration in original) (internal quotations omitted) (citing *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 U.S. Dist. LEXIS 58748, at *10 (N.D. Cal. July 31, 2008) (unpublished)); *see also Johnson v. Moss Bros. Auto Grp.*, ED CV 19-2456-FMO (SPx), 2020 U.S. Dist. LEXIS 167728, at *25-27 (C.D. Cal. Sept. 14, 2020) (unpublished); *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (citing *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011)); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, at 554-55 (N.D. Ill.

2008) (citing *Wiegele v. Fedex Ground Package Sys.*, CASE NO. 06-CV-01330-JM(POR), 2007 U.S. Dist. LEXIS 9444, at *6 (S.D. Cal. Feb. 8, 2007) (unpublished)).

¶27 Klotzbach argues that, "[a]s to [WAPA']s remaining points 'first' through 'fourth' . . . , WAPA merely rehashes its claim that the class must be certified before discovery can be conducted. Nothing could be further from the truth." Klotzbach argues the following:

> [V.I. R. CIV. P.] 23(c) (like [FED. R. CIV. P.] 23(c)) requires that class certification be considered by the [c]ourt "at an early practicable time"; here, however, the discovery information is needed from WAPA to better determine the scope and contours of the class, e.g. roughly how many are affected and to what extent, so plainly it is not yet a "practicable time" for that determination. The attached law review article, Schedule 1 . . . , details how extensive discovery prior to class certification is frequently deemed necessary by the parties and even required by courts as part of the "rigorous review" for class certification. Such discovery is necessary here, and the cases [the article] cites show that it can and should be conducted prior to a motion for class certification.[10]

"[Klotzbach]'s counsel [states he] is aware only of a dozen or two [affected customers], mostly on St John, but has reason to think there are many more, on both St. John and St. Thomas." Additionally, Klotzbach argues that WAPA has failed to provide "relevant billing-related info" for St. Croix, St. John and St. Thomas. Klotzbach also

---

[10] Klotzbach inserts the following argument into his motion to compel from the attached article:
> …class certification requires some (at least) preliminary consideration of the merits of a plaintiff's claims and, as a result, <u>discovery generally commences prior to a motion for class certification.</u> Indeed, an increasing majority of federal courts of appeal have endorsed a "rigorous assessment" of whether a plaintiff has met the requirements of Rule 23.

*See* Rebecca Justice Lazarus, Commentary, *Discovery Prior to Class Certification: New Considerations and Challenges*, 9.21 MEALEY'S LITIG. REP.: CLASS ACTIONS 1, 1-2 (2010).

argues that, "full discovery is plainly required at this juncture to establish the necessary factual basis for [his] upcoming motion for class certification in this matter."

¶28    In *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455 (2013), the Supreme Court of the United States says, "[FED. R. CIV. P.] 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent--but only to the extent--that they are relevant to determining whether the [FED. R. CIV. P.] 23 prerequisites for class certification are satisfied." *See Amgen Inc.*, 568 U.S. at 466 (citing *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 351 n.6 (2011)).[11] Although *Amgen Inc.* is not binding, the Court finds this passage persuasive.

¶29    Accordingly, regarding potential class members, only discovery information needed to decide class certification is likely appropriate at this stage. This may, (1) help protect potential class members' private information and (2) help protect parties from unnecessary discovery burden and cost. *See Moore v. Westgate Resorts, L.P.*, 3:18-CV-00410-DCLC, 2020 U.S. Dist. LEXIS 224283, *11 (E.D. Tenn. Nov. 20, 2020) (unpublished) ("The *Walker* court declined to allow extensive discovery related to a class that was not yet certified because it would potentially be a wasted effort and

---

[11] The U.S. Supreme Court in *Amgen Inc.* also states, "[it] ha[s] cautioned that a court's class-certification analysis must be "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim." *See Amgen Inc.*, 568 U.S. at 465-66 (citing *Wal-Mart Stores, Inc.*, 564 U.S. at 351). The Court is not addressing whether a class certification analysis should be rigorous in this opinion.

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 15 of 19

2021 VI Super 64

expense"). However, this is not unduly limiting. Klotzbach should have access, in an appropriate manner, to the discovery information needed to determine and then argue, if necessary, that class certification is warranted.

¶30    Apparently, WAPA has already provided personal information about customers. However, providing customers' names with specific billing information would result in even more personal information being released, *e.g.*, specific customers' power usage. *See Amaraut*, 2020 U.S. Dist. LEXIS 7558, at *23 (citing *Tierno*, 2008 U.S. Dist. LEXIS 58748, at *10) ("contact information alone 'involves no revelation of personal or business secrets, intimate activities . . . and threatens no undue intrusion to one's personal life").

¶31    Accordingly, the Court is unsure whether customer billing information, along with personal identifying information, is necessary or appropriate at this precertification stage of discovery. However, the Court is inclined to believe that at least the "billing data," with personal customer information redacted, may be important to proving Klotzbach's class claim meets the elements for certification.[12] *See* Jeff Kosseff, note, *The Elusive Value: Protecting Privacy During Class Action Discovery*, 97 Geo. L.J. 289, 297 (2008) [hereinafter Jeff Kosseff, note, *The Elusive Value*] ("When information appears to be necessary to resolve a certification issue,

---

[12] The Court also takes note of Klotzbach's concern that, "the applications provided in WAPA's data dump were . . . not even complete – as we were able to tell, matching up their St. Croix Excel table with the St. Croix applications (we have no idea about St. Thomas and St. John applications, as we had no similar Excel list)."

courts often use protective orders and redaction to protect the privacy of absent class members"); (Reply Mot. Compel ¶ 7) (footnote omitted) ("the discovery information is needed from WAPA to better determine the scope and contours of the class, e.g. roughly how many are affected and to what extent"); *see also* (Reply Mot. Compel ¶ 5) (WAPA could have "provide[d] billing information for its solar net metering customers for the relevant periods with the names withheld"). Moreover, a protective order may be sufficient to protect private information. *See, e.g., Acevedo*, 248 F.R.D. at 554-55 (allowing disclosure of potential class members' contact information with protective order); *Shaw*, 306 F.R.D. at 301 (citing *Artis*, 276 F.R.D. at 353; *Coleman v. Jenny Craig, Inc.*, Civil No. 11-cv-1301-MMA (DHB), 2013 U.S. Dist. LEXIS 82815, at *33-35 (S.D. Cal. June 12, 2013) (unpublished)) (allowing disclosure of "ACDV data 'with all personal information redacted'" and suggesting a "protective order limiting the use of the requested data and protecting it from disclosure"); *Coleman*, 2013 U.S. Dist. LEXIS 82815, at *35 ("withholding . . . [d]efendant's payroll records, but" allowing production of "class member contact information, time cards, work schedules and Ghant charts" with a protective order); Jeff Kosseff, note, *The Elusive Value*, 97 Geo. L.J. at 297.

¶32    Fifth, WAPA argues that "[Klotzbach] inappropriately bundles his motion to compel . . . with a request to extend the discovery deadlines so that he may engage in even more unsanctioned class action discovery." WAPA provides no authority to support this assertion. However, because the Court is denying Klotzbach's motion to

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 17 of 19

2021 VI Super 64

compel, the Court will not consider Klotzbach's request to extend deadlines at this time.

¶33    Sixth, WAPA argues that "some of the information [Klotzbach] seeks may no longer exist. WAPA has made a good faith effort to provide non-confidential records in its possession of its customers in St. Thomas, St. John and St. Croix. This satisfies the V.I. Rules of Civil Procedure." The Court will not address this argument at length at this time. However, the Court notes an excerpt from *Castillo v. St. Croix Basic Servs., Inc.*, 2020 VI Super 35. In *Castillo*, the V.I. Superior Court states,

> [A] class complaint "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class.

*Castillo*, ¶ 31 (quoting *Crown v. Parker*, 462 U.S. 345, 353 (1983)).

¶34    The Court will not address WAPA's seventh argument, or Klotzbach's reply to the argument, in this opinion. The arguments regard what information should be disclosed and the usability of this information. However, the Court recommends the parties discuss these topics if they meet and confer.

¶35    Eighth, WAPA argues that "the information [Klotzbach] seeks should be in the possession of the 'others' he purports falsely to represent." Additionally, WAPA argues that "[Klotzbach] needs to contact [these 'others'] and ask them to produce the personal billing information he seeks, not WAPA." However, Klotzbach argues that he needs the requested discovery information to identify the number of class

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 18 of 19

2021 VI Super 64

members. Additionally, Klotzbach alleges that WAPA customers do not have access to the billing information for the years relevant to this case.

¶36   Ninth, WAPA argues that "extending discovery deadlines is inappropriate to resolve the personal claim of [Klotzbach]. He has already received all of the information that relates to his personal claim. The discovery deadlines should therefore not be extended." This argument is not persuasive. As noted above, Klotzbach structured his action as a class action from the beginning and may be entitled to precertification class discovery. *See, e.g.*, V.I. R. CIV. P. 23 advisory committee's note, subpart (d)(3).

## III. CONCLUSION

¶37   The Court finds that Klotzbach did not comply with the meet and confer requirement in V.I. R. CIV. P. 37(a)(1) and 37-1. Therefore, the Court will deny Klotzbach's motion to compel at this time. If another motion to compel is filed, the parties should endeavor to comply with the guidelines in this opinion. Moreover, the parties should consider the Court's discussion of WAPA's arguments to help facilitate a productive meet and confer.

¶38   Once these discovery issues are resolved, the Court expects there will be enough information to rule on class certification. *See Cornwall*, ¶ 40 n.9 ("The [c]ourt has not concluded, and leaves the question open, whether this case can proceed as a class action. To expedite that determination, the [c]ourt previously gave the Plaintiffs

Klotzbach v. V.I. Water and Power Auth.
Case No. ST-2013-CV-00445
Memorandum Opinion
Page 19 of 19

2021 VI Super 64

until September 16, 2019 to move to certify a class"); *Baptiste v. St. Croix Basic Servs.*, Case No. SX-05-CV-042, 2007 V.I. LEXIS 38, at *1-2 (V.I. Super. Ct. Apr. 24, 2007) (unpublished) (citing *Perez v. Gov't of the V.I.*, 109 F.R.D. 384, 386 (D.V.I. 1986), *aff'd*, 847 F.2d 104 (3d Cir. 1988)) ("Neither party has requested a ruling on certification. However, the [c]ourt has an independent obligation to decide whether an action is properly brought as a class action, even where neither party moves for a ruling on class certification").

An Order consistent with this Memorandum Opinion will be entered.

DATED: June 14, 2021

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor 6/14/2021